UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, Inc., a Delaware corporation; and WEBER-STEPHEN PRODUCTS LLC, a Delaware Limited Liability Company,<br><br>　　　　　　　　Plaintiff,<br>　v.<br><br>Individuals and entities doing business as the following Amazon Selling Accounts: ACKARY; AVANTAWAY; CCBAO; GRILLIKE; HIMIRL; HOZOEE; HZHJIY; MELLSSA; MUSTBUILTY; NEXPLAS; PSHIP; VIDVIE-US; and DOES 1-10,<br><br>　　　　　　　　Defendant. | CASE NO. 2:21-cv-01512-TL<br><br>ORDER GRANTING PLAINTIFFS' *EX PARTE* MOTION FOR EXPEDITED DISCOVERY |

　　　This matter came before the Court on Plaintiffs Amazon.com, Inc.'s and Weber-Stephen Products LLC's ("Weber") (collectively, "Plaintiffs") *Ex Parte* Motion for Expedited Discovery (Dkt. No. 7). Having considered the motion, supporting declarations, and the governing law, the Court GRANTS the motion.

ORDER GRANTING PLAINTIFFS' EX PARTE MOTION FOR EXPEDITED DISCOVERY - 1

## I. BACKGROUND

On November 9, 2021, Plaintiffs filed a complaint in which they allege that Defendants used twelve different selling accounts to advertise and sell counterfeit grill covers, violating Plaintiff Weber's intellectual property rights as well as Plaintiff Amazon.com, Inc.'s anti-counterfeiting terms and policies. *See generally* Dkt. No. 1; *see also* Dkt. No. 7 at 2. Despite an extensive investigation, Plaintiffs aver that, four months later, they have been unable to determine Defendants' true identities and exact locations. *See* Dkt. No. 7 at 3 (instant motion, filed on March 9, 2022). Plaintiffs' attempts to uncover this information has included investigation of third party bank accounts, email accounts, and inbound shipment addresses used by Defendants. *See generally id*. at 3–5. They also had a private investigator conduct online searches and surveillance of certain addresses. *Id*. at 4. Plaintiffs detailed the extent of their investigation in the supporting declarations filed by Plaintiff Amazon.com, Inc.'s Counterfeit Crimes Unit risk manager and by one of Plaintiffs' attorneys. *See generally* Dkt. Nos. 7-1 and 7-2.

During the investigation, Plaintiffs identified six third parties whom they believe can provide information further information about Defendants. Dkt. No. 7 at 5–6. Those parties are: (1) Payoneer Inc., the payment service provider linked to Defendants' selling accounts; (2) Microsoft Corp., the email service provider for four Defendants' selling accounts; (3) Winsway LLC, the common logistics provider used by all Defendants to ship products to Amazon Fulfillment Centers; (4) ATWindow LLC, "an entity that appears closely related to Winsway;" (5) an entity called Stacie Y Gan CPA, which is the registered agent for Winsway LLC and ATWindow LLC; and (6) Yunxi Gan, an individual who serves as registered agent, president, and secretary of Stacie Y Gan CPA. *Id*. Plaintiffs seek Court approval to serve subpoenas to these third parties that "will be narrowly targeted to seek documents regarding Defendants' identities and locations, and the scope and nature of their counterfeiting scheme." *Id*. at 3.

## II.    DISCUSSION

The Federal Rules of Civil Procedure typically require parties to hold a Rule 26(f) conference prior to seeking discovery, but a court can authorize discovery prior to that point, upon a showing of good cause. Fed. R. Civ. P. 26(d)(1); *see, e.g.*, *Microsoft Corp. v. Mai*, No. C09-0474-RAJ, 2009 WL 1393750, at *5 (W.D. Wash. May 15, 2009) (requiring good cause for expedited discovery). "Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Mai*, 2009 WL 1393750 at *5 (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002)). As explained by the Ninth Circuit, "where the identity of alleged defendants will not be known prior to the filing of a complaint[,] . . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (internal citations omitted). Therefore, "[c]ourts routinely permit early discovery for the limited purpose of identifying 'Doe' defendants on whom process could not otherwise be served." *Music Grp. Macao Com. Offshore Ltd. v. John Does I-IX,* No. 14-cv-621-RSM, 2014 WL 11010724, at *1 (W.D. Wash. July 18, 2014) (internal citations omitted).

A plaintiff may establish good cause for early discovery on anonymous internet defendants by: (1) identifying the 'Doe' defendant with enough specificity "that the Court can determine that the defendant is a real person who can be sued in federal court;" (2) recounting their efforts to locate and identify the 'Doe' defendant; (3); demonstrating that the action would survive a motion to dismiss; and (4) demonstrating a reasonable likelihood that the discovery will "lead to identifying information that will permit service of process." *Cobbler Nev., LLC v. Does 1-32*, No. C15-1432-RSM, 2015 WL 5315948, at *3 (W.D. Wash. Sept. 11, 2015); (citing *Columbia Ins. Co. v. seescandy.com,* 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)).

Plaintiffs have established good cause under each of these factors. First, the unknown Defendants are individuals or entities whom Plaintiffs allege have falsely advertised and sold

counterfeit goods in violation of federal and state law. The lawsuit was properly filed in federal court given the predominance of the federal causes of action. *See, e.g.*, *Supnick v. Amazon.com, Inc.*, No. C00-0221P, 2000 WL 1603820, at *3 (W.D. Wash. May 18, 2000) (holding that the question of liability on federal claims predominated state common law claims in granting class certification). Second, Plaintiffs have been reasonably diligent in their attempts to identify Defendants' true identities and locations. Third, this lawsuit would likely survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that when a plaintiff pleads sufficient facts allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged," the complaint is "plausible on its face" and can "survive a motion to dismiss"). And finally, the specific entities and individuals listed would likely be able to provide information that will aid Plaintiffs in identifying and locating Defendants.

### III.   CONCLUSION

For the foregoing reasons, the ORDERS the following:

(1) Court GRANTS Plaintiffs leave, prior to the Rule 26(f) conference, to serve Rule 45 subpoenas to obtain information regarding Defendants' true identities and locations[1] from:

    a. Payoneer Inc.;

    b. Microsoft Corporation;

    c. Winsway LLC;

    d. ATWindow LLC;

    e. the entity Stacie Y Gan CPA; and

    f. the individual Yunxi Gan.

(2) Plaintiffs shall provide a copy of this Order with each subpoena issued pursuant thereto.

---

[1] Plaintiffs also vaguely reference limited discovery about "the scope of [the alleged] counterfeiting scheme." Dkt. 7 at 1. Given the paucity of information relating to this request, the Court limits this Order to allowing the discovery of information that will allow Plaintiffs to identify the unknown defendants and their locations.

ORDER GRANTING PLAINTIFFS' EX PARTE MOTION FOR EXPEDITED DISCOVERY - 4

(3) To the extent subpoena responses reveal additional entities or individuals in as having responsive information related to the identity or location of the Defendants or other actors responsible for the illegal counterfeiting scheme alleged in the Complaint, Plaintiffs shall seek leave from the Court before serving additional Rule 45 subpoenas on those entities or individuals.

IT IS SO ORDERED.

Dated this 6th day of April 2022.

Tana Lin
United States District Judge