UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, Inc., a Delaware corporation; and WEBER-STEPHEN PRODUCTS LLC, a Delaware Limited Liability Company,<br><br>      Plaintiffs,<br><br> v.<br><br>Individuals and entities doing business as the following Amazon Selling Accounts: ACKARY; AVANTAWAY; CCBAO; GRILLIKE; HIMIRL; HOZOEE; HZHJIY; MELLSSA; MUSTBUILTY; NEXPLAS; PSHIP; VIDVIE-US; and DOES 1-10,<br><br>      Defendants. | CASE NO. 2:21-cv-01512-TL<br><br>(LEAD CASE)<br><br>ORDER GRANTING *EX PARTE* MOTION TO EXPEDITE DISCOVERY |
| AMAZON.COM, Inc., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; and WEBER-STEPHEN PRODUCTS LLC, a Delaware Limited Liability Company,<br><br>      Plaintiffs,<br><br> v.<br><br>Individuals and entities doing business as PDREAM and PHONIY; and DOES 1-10,<br><br>      Defendants. | CASE NO. 2:22-cv-00674-TL |
| AMAZON.COM, Inc., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; and WEBER-STEPHEN PRODUCTS LLC, a Delaware Limited Liability Company, | CASE NO. 2:22-cv-00675-TL |

ORDER GRANTING EX PARTE MOTION TO EXPEDITE DISCOVERY - 1

|  |  |
|---|---|
| Plaintiffs,<br><br>v.<br><br>Individuals and entities doing business as MUSTUDY; and DOES 1-10,<br>Defendants. |  |
| AMAZON.COM, Inc., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; and WEBER-STEPHEN PRODUCTS LLC, a Delaware Limited Liability Company,<br>Plaintiffs,<br><br>v.<br><br>Individuals and entities doing business as STW HARDWARE and ACOVER; and DOES 1-10,<br>Defendants. | CASE NO. 2:22-CV-00676-TL |

This matter comes before the Court on an *ex parte* motion from Plaintiffs Amazon.com, Amazon.com Services LLC, and Weber-Stephen Products LLC to serve third-party subpoenas prior to the Rule 26(f) conference (Dkt. No. 14). Upon review of the relevant record and governing law, the Court GRANTS the motion.

## I.    BACKGROUND

This Court previously granted a motion from Plaintiffs to authorize service of third-party subpoenas to uncover the identities and locations of defendants alleged to have advertised and sold counterfeit Weber grill covers in the Amazon store. *See* Dkt. Nos. 1, 7, 8. Since then, upon request from Plaintiffs, the Court has consolidated three later-filed cases into this action collectively with this case (the "Consolidated Cases"). *See* Dkt. Nos. 11, 12.

Plaintiffs now request leave to serve subpoenas on the following third-parties, all payment service or logistics providers associated with the defendants in the consolidated cases: (1) Payoneer Inc.; (2) LL Pay U.S., LLC; (3) Kinghood International Logistics Inc.; and (4) Exel Inc. d/b/a DHL Supply Chain USA. Dkt. No. 14 at 3. Plaintiffs explain this discovery will allow them to uncover "crucial information about Defendants' true identities and locations." *Id*.

## II.   DISCUSSION

The Federal Rules of Civil Procedure typically require parties to hold a Rule 26(f) conference prior to seeking discovery, but a court can authorize discovery prior to that point, upon a showing of good cause. Fed. R. Civ. P. 26(d)(1); *see, e.g.*, *Microsoft Corp. v. Mai*, No. 9-474, 2009 WL 1393750, at *5 (W.D. Wash. May 15, 2009) (requiring good cause for expedited discovery). "Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.' " *Mai*, 2009 WL 1393750 at *5 (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc*., 208 F.R.D. 273, 276 (N.D. Cal. 2002)). As explained by the Ninth Circuit, "where the identity of alleged defendants will not be known prior to the filing of a complaint[,] . . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (internal citations omitted). Therefore, "[c]ourts routinely permit early discovery for the limited purpose of identifying 'Doe' defendants on whom process could not otherwise be served." *Music Grp. Macao Com. Offshore Ltd. v. John Does I-IX,* No. 14-621, 2014 WL 11010724, at *1 (W.D. Wash. July 18, 2014) (internal citations omitted).

A plaintiff may establish good cause for early discovery on anonymous internet defendants by: (1) identifying the 'Doe' defendant with enough specificity "that the Court can

determine that the defendant is a real person who can be sued in federal court;" (2) recounting their efforts to locate and identify the 'Doe' defendant; (3); demonstrating that the action would survive a motion to dismiss; and (4) demonstrating that the requested discovery is "likely to lead to identifying information that will permit service of process." *Cobbler Nev., LLC v. Does 1-32*, No. 15-1432, 2015 WL 5315948, at *3 (W.D. Wash. Sept. 11, 2015) (citing *Columbia Ins. Co. v. seescandy.com,* 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)).

Plaintiffs have established good cause for further expedited discovery. First, Doe Defendants are individuals or entities that Plaintiffs allege have engaged in false advertising and sale of counterfeit goods. Second, Plaintiffs have made reasonably diligent attempts to identify Defendants' true identities and locations. *See* Dkt. Nos. 15, 16. Third, Plaintiffs appear to have plead the essential elements of their claims (trademark infringement under 15 U.S.C. § 1114, false designation of origin and false advertising under 15 U.S.C. § 1125(a), violation of the Washington Consumer Protection Act, and, as to certain Defendants, breach of contract).[1] Fourth, Plaintiffs certify that their requests are "narrowly tailored to include only the information necessary to identify and locate the persons and/or entities propagating an illegal campaign that harmed Plaintiffs and their customers." Dkt. No. 14 at 8.

### III. CONCLUSION

For the above reasons, the Court ORDERS the following:

(1)     The Court GRANTS the motion for expedited discovery (Dkt. No. 14).

---

[1] Plaintiffs have plead breach of contract claims in only two of the four consolidated cases. *Compare Amazon.com, Inc., et al. v. PDREAM and PHONIY, et al.*, No. 22-674, Dkt. No. 1 at 17 (W.D. Wash. May 18, 2022) *and Amazon.com, Inc., et al. v. STW Hardware and Acover, et al.*, No. 22-676, Dkt. No. 1 at 17 (W.D. Wash. May 18, 2022) (alleging breach of contract) *with* Dkt. No. 1 at 21–26 *and Amazon.com, Inc., et al. v. MUSTUDY, et al.*, No. 22-675, Dkt. No. 1 at 12–17 (W.D. Wash. May 18, 2022) (no breach of contract claims).

(2) Plaintiffs may serve Rule 45 subpoenas to the following entities prior to the Rule 26(f) conference to obtain information regarding Defendants' true identities and locations:

    a. Payoneer Inc.;

    b. LL Pay U.S. LLC;

    c. Kinghood International Logistics Inc.; and

    d. Exel Inc. d/b/a DHL Supply Chain USA.

(3) Plaintiffs shall provide a copy of this Order with each subpoena issued pursuant thereto.

(4) To the extent subpoena responses reveal additional entities or individuals as having responsive information related to the identity or location of the Defendants or other actors, Plaintiffs shall seek leave from the Court before serving additional Rule 45 subpoenas.

(5) Once Plaintiffs complete the requested discovery in the Consolidated Cases, Plaintiffs shall file a consolidated, amended complaint naming the individuals and entities identified through third-party discovery.

Dated this 17th day of October 2022.

*[signature]*

Tana Lin
United States District Judge