UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM INC., *et al.*, | |
| Plaintiffs, | Case No. C21-1512-TL-MLP |
| v. | ORDER |
| ACKARY, *et al.*, | |
| Defendants. | |

This matter is before the Court on Plaintiffs Amazon.com Inc., Amazon.com Services, (together, "Amazon") and Weber-Stephen Products LLC's ("Weber"; collectively, "Plaintiffs") Consolidated Ex Parte Motion for Alternative Service ("Plaintiffs' Motion"). (Pls.' Mot. (dkt. # 27).) Having considered Plaintiffs' submissions, the governing law, and the balance of the record, the Court GRANTS Plaintiffs' Motion (dkt. # 27).

**I.   BACKGROUND**

Plaintiffs originally filed complaints in several actions against "individual[s] or . . . entit[ies] doing business as" fifteen Amazon Selling Accounts (the "Amazon Selling Accounts") that allegedly sold counterfeit Weber products. (*See* Compl. (dkt. # 1) at ¶¶ 10-21; Pls.' Mot. at 2-3.) These actions were consolidated into the instant action. (Dkt. # 12.)

ORDER - 1

  After third-party discovery authorized by the Court (dkt. ## 8, 18) revealed accountholders for the bank accounts that received funds from the Amazon Selling Accounts, Plaintiffs filed two amended complaints. (Dkt. ## 21, 23-24; Commerson Decl. (dkt. # 27-1) at ¶¶ 6-7.) In the "Ring 1" Amended Complaint, Plaintiffs allege that individuals Guizhen Li, Qiuping Zhan, Changming Chen, and "Does 1-10" "operated in concert" in advertising and selling counterfeit Weber products via twelve of the Amazon Selling Accounts: Ackary, Avantaway, CCBAO, Grillike, HIMIRL, Hozoee, HZHJIY, MellSsa, Mustbuilty, Nexplas, Pship, and VIDVIE-US[1]. (Ring 1 Am. Compl. (dkt. # 23) at ¶¶ 10-13, 41, 63, 65.) In the "Ring 2" Amended Complaint, Plaintiffs alleged that individuals YaHui Cui and "Does 1-10" "worked in active concert with each other" to manufacture, import, advertise, and sell counterfeit Weber products via three of the Amazon Selling Accounts: PDream, Mustudy, and STW Hardware (Ring 2 Am. Compl. (dkt. # 24) at ¶¶ 9-10.)

  Because third-party discovery revealed that the bank accounts were accessed from IP addresses located in China, Plaintiffs conclude that defendants are located in China. (*See* Commerson Decl. at ¶ 8.) Third-party discovery also produced "potential physical addresses in China for all of the Defendants," but the addresses were nonexistent or the individuals "could not be located at them." (*Id.* at ¶ 9.) In the instant motion, Plaintiffs seek permission to serve the four named defendants—Guizhen Li, Qiuping Zhan, Changming Chen, and YaHui Cui (together, "Defendants")—via email to the email addresses provided when registering the Amazon Selling Accounts. (Pls.' Mot. at 2; *see also* Haskel Decl. (dkt. # 27-2) at ¶ 4 (identifying email addresses).) On June 14, 2023, Plaintiffs sent "test emails" and received no "error notices, bounce back messages, or other indications that any of the emails failed to deliver." (Commerson

---

[1] At times, Plaintiffs spell it "VIDVE-US." (*See, e.g.*, Ring 1 Am. Compl. at ¶¶ 10, 63.)

ORDER - 2

1  Decl. at ¶ 13.) Plaintiffs propose to serve "using an online service for service of process, RPost

2  (www.rpost.com) that provides proof of authorship, content, delivery, and receipt[.]" (*Id.* at

3  ¶ 15.)

4          II.  DISCUSSION

5    Federal Rule of Civil Procedure 4(f) permits service of process on individuals in foreign

6  countries by: (1) internationally agreed methods such as those authorized by the Hague

7  Convention; (2) if there is no internationally agreed means, in accordance with the foreign

8  country's law; or (3) by "other means not prohibited by international agreement, as the court

9  orders." Fed. R. Civ. P. 4(f)(3). To obtain a court order under Rule 4(f)(3), a plaintiff must

10 "demonstrate that the facts and circumstances of the present case necessitated the district court's

11 intervention." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

12   In addition to the requirements of Rule 4(f), "a method of service of process must also

13 comport with constitutional notions of due process." *Rio*, 284 F.3d at 1016. "To meet this

14 requirement, the method of service crafted by the district court must be 'reasonably calculated,

15 under all the circumstances, to apprise interested parties of the pendency of the action and afford

16 them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent.*

17 *Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

18   A. Rule 4(f)

19   Plaintiffs request Court intervention because they "have not located reliable physical

20 addresses for service associated with any Defendant." (Pls.' Mot. at 6.) The Court concludes that

21 Plaintiffs have adequately shown that the Court's intervention is necessary. Despite "a thorough

22 investigation through multiple avenues[,]" Plaintiffs "have been unable to discern reliable

23 locations" and "Defendants' email addresses are the only contact information they provided to

ORDER - 3

1   Amazon that [Plaintiffs'] investigation has confirmed was valid." (Commerson Decl. at ¶¶ 11-
2   12.)
3       Plaintiffs contend Rule 4(f)(3) and the Hague Convention "both allow for service by
4   email" on parties located in China. (Pls.' Mot. at 7.) China, like the United States, is a party to
5   the Hague Convention. *See* Contracting Parties, *available at*
6   https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last viewed July 13,
7   2023). The Hague Convention expressly "shall not apply where the address of the person to be
8   served with the document is not known." Hague Convention, art. 1, *available at*
9   https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 (last viewed July 13, 2023).
10  Plaintiffs here have been unable to locate physical addresses for Defendants, and thus, could not
11  utilize methods authorized by the Hague Convention. (Commerson Decl. at ¶¶ 9-11.)
12      Nevertheless, whether or not the Hague Convention applies, this Court and others have
13  concluded that email service on individuals located in China is not prohibited by it or any other
14  international agreement. *See Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co.*, 2019 WL
15  6310564, at *3 (W.D. Wash. Nov. 25, 2019) (email service in China "not expressly prohibited by
16  international agreement"). The Court therefore concludes that service by email is not prohibited
17  by international agreement and that Plaintiffs have shown that an order permitting service by
18  email would comport with Rule 4(f).
19      **B.   Due Process**
20      The Court next considers whether service of process using the currently functional email
21  addresses associated with the Amazon Selling Accounts comports with constitutional due
22  process—that is, whether this method of service is "reasonably calculated, under all the
23

ORDER - 4

circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314.

Plaintiffs contend email service comports with due process because: (1) the emails "were the primary means of communication" between Amazon and Defendants related to the Amazon Selling Accounts; and (2) recent "test emails" to each address confirm that the addresses remain functional. (Pls.' Mot. at 9 (citing Haskel Decl. at ¶ 5).)

Plaintiffs point to *Facebook, Inc. v. Banana Ads, LLC*, where a court authorized service via email on foreign defendants who "rely on electronic communications to operate their businesses" and for whom plaintiff had "valid email addresses[.]" 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012). In that case, however, it appears that the defendants' businesses were ongoing and used internet domain names that, when registered, "required [defendants] to provide accurate contact information and to update that information." *Id.* at *1. Plaintiffs also point to *Rio*, where the Ninth Circuit concluded that ordering service by email was within the district court's discretion where the defendant had "structured its business such that it could be contacted *only* via its email address" and "designated its email address as its preferred contact information." 284 F.3d at 1018. In that case, as in *Facebook*, the defendant's business was ongoing. *Id.* at 1012-13.

The situation is somewhat less clear here, however, as Defendants' businesses using the Amazon Selling Accounts are no longer operating. Plaintiffs allege that counterfeit Weber products were advertised and sold by Defendant Zhan through February 2021, Defendant Li through September 2021, Defendant Chen through February 2021, and Defendant Cui through November 2021. (Ring 1 Am. Compl. at ¶¶ 41, 43, 47; Ring 2 Am. Compl. at ¶¶ 39, 43.) At some later point, however, "Amazon . . . blocked Defendants' Selling Accounts." (Ring 1 Am.

ORDER - 5

1  Compl. at ¶ 69; Ring 2 Am. Compl. at ¶ 47.) It is unclear when Amazon blocked the Amazon
2  Selling Accounts and whether Defendants were notified.
3        Nevertheless, Plaintiffs provide evidence that the email addresses they propose effecting
4  service through were actively used in operating the Amazon Selling Accounts. Individuals
5  "registered these email addresses in order to create their Selling Accounts . . . and conduct
6  business through their Selling Accounts." (Haskel Decl. at ¶ 5.) "Amazon's records establish that
7  the individuals responsible for the Selling Accounts received and responded to communications
8  from Amazon using these email addresses, and logged into their Selling Accounts using these
9  email addresses." (*Id*.) And Plaintiffs have verified that the email addresses remain active. (*See*
10 Commerson Decl. at ¶ 10.) This provides some evidence that Defendants are still using those
11 addresses.
12       In a similar situation in *Bright Solutions for Dyslexia*, alternative service by email was
13 used where plaintiffs were "unable to locate [d]efendants and believed they may have moved to
14 China." *Bright Sols. for Dyslexia, Inc. v. Lee*, 2017 WL 10398818, at *4 (N.D. Cal. Dec. 20,
15 2017), *report and recommendation adopted*, 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018). The
16 plaintiffs obtained email addresses associated with eBay online seller accounts that defendants
17 had used to sell allegedly counterfeit products. *Id.* at *3. "No errors were received" when
18 plaintiffs sent test emails to two of the addresses. *Id*. The court granted plaintiffs' motion for
19 alternative service by email, and granted default judgment after defendants failed to respond
20 even though "the emails had been successfully delivered with no errors." *Id.* at *4. The court
21 concluded "email service was proper because [d]efendants structured their counterfeit business
22 such that they could only be contacted by email" and, when served by email, "[t]hese emails did
23 not bounce back." *Id.* at *7.

ORDER - 6

   In contrast, in *Amazon.com Inc. v. KexleWaterFilters*, this Court denied alternative service by email because plaintiffs had not shown sufficient "indicia that the defendants would in fact receive notice of the lawsuit if the plaintiffs served them by email." *Amazon.com, Inc. v. KexleWaterFilters*, 2023 WL 2017002, at *4 (W.D. Wash. Feb. 15, 2023). The approach in *Bright Solutions for Dyslexia* was endorsed by this Court in that case, but in *KexleWaterFilters*, the plaintiffs had "not demonstrated that the email addresses associated with [d]efendants' Selling Accounts are still valid[.]" *Id*. Plaintiffs were permitted to "renew their motion with evidence of recent communications to [d]efendants that demonstrates that service by email is a reliable method to provide [d]efendants with notice of the pendency of this action." *Id*.

   Here, as in *Bright Solutions for Dyslexia*, Plaintiffs have identified email addresses that Defendants used in their online businesses, and verified that those email addresses remain active. As in *Bright Solutions for Dyslexia*, Defendants structured their counterfeit business such that they can only be contacted by email. Together, these circumstances provide sufficient indicia that Defendants are likely to receive notice if served by email.[2] Moreover, service via RPost should, according to Plaintiffs' representations to the Court, provide evidence as to whether service by email was, in fact, received. This offers reassurance that if the email addresses are not, in fact, being monitored and used, then service will not be erroneously deemed completed.

---

[2] *See also Amazon.com Inc., et al. v. Yong et al.*, C21-170-RSM-SKV, dkt. # 51 (W.D. Wash. Apr. 25, 2023) (Order granting alternative service where email addresses that were "the primary means of communication with Amazon, and used to conduct business in the Amazon Store remain active."). *But see Amazon.com, Inc., et al. v. Dong, et al.*, C21-159-TL-BAT, dkt. # 42 (W.D. Wash. June 21, 2023) (Order denying alternative service without prejudice where "Amazon terminated Defendants' Selling Accounts sometime in 2019 and 2020" and Plaintiffs had "show[n] only that a particular email address is still functioning, not that Defendants are in fact, monitoring the email accounts or receiving the messages.").

ORDER - 7

The Court concludes service via the email addresses is reasonably calculated to apprise Defendants of this action and provide them an opportunity to respond, and thus satisfies due process concerns.

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion (dkt. # 27). Plaintiffs are authorized to serve:

(1)   Defendant Guizhen Li through the following email addresses: niaoguov62563@163.com, xzz789a@outlook.com, himirl@sohu.com, hozoee@outlook.com, yaoqingtang123@outlook.com, haapy1119@163.com, kiy8iov5beov14ilhu@163.com, adsp_adverti@outlook.com, vdous7187@163.com, and joshua6738@yeah.net;

(2)   Defendant Qiuping Zhan through the following email addresses: lorenegus@163.com and kypship@163.com;

(3)   Defendant Changming Chen through the following email address: niaoguov62563@163.com; and

(4)   Defendant YaHui Cui through the following email addresses: kitchhood2019@163.com, yanyue42517200@163.com, and xinyongkeji@163.com.

Plaintiffs are ORDERED to complete service and file proof of service by **July 28, 2023**, or, if service cannot be completed, to dismiss the case. The Clerk is directed to send copies of this Order to the parties and to the Honorable Tana Lin.

Dated this 18th day of July, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge